IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD GLOVER, : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | |
| : | NO. 2:23-cv-0463 |
| THE CHILDREN'S HOSPITAL OF : | |
| PHILADELPHIA, : | |
| : | |
| Defendant. : | |

**DEFENDANT THE CHILDREN'S HOSPITAL OF PHILADELPHIA'S
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

In accordance with the Court's Order allowing supplemental briefing concerning Defendant's Motion to Dismiss ("Motion"), ECF No. 14, and the Pennsylvania Rules of Professional Conduct 3.3(a)(2), in the interest of candor to the Court, CHOP's counsel brings to the Court's attention Judge Leeson's recent decision in *Leeck v. Lehigh Valley Health Network*, No. 22-4634, 2023 WL 4147223 (E.D. Pa June 23, 2023), attached hereto as Exhibit 1. Counsel for both parties in oral argument before the Court stated they were unaware of any COVID-19 mandate case denying a motion to dismiss. After the oral argument, CHOP's counsel learned of the very recent *Leeck* decision, which did deny a motion to dismiss.[1]

---

[1] At oral argument, the Court also raised questions concerning the determinative factor test on causation. Ruling on whether the alleged discrimination was more likely than not a determinative factor in plaintiff's termination, in which the plaintiff has the burden of proof, is only considered at the third stage of the *McDonnell Douglas* framework. This Motion is limited to the threshold issue of whether plaintiff has sufficiently alleged that his objection to the COVID-19 vaccination was religious in nature. If the Court rules that Glover's objections were not rooted in religion, and therefore plaintiff has not established this first element of his *prima facie* case of employment discrimination, dismissal will be granted and consideration of the determinative factor test will not be reached.

For the below reasons, CHOP submits that the large number of cases granting dismissal of these cases are more persuasive than the *Leeck* case, which ignores Supreme Court precedent on the standard for a Rule 12(b)(6) motion to dismiss and rules the other way.

In short, in denying a motion to dismiss in a Title VII case similar to the case before Your Honor, the court in *Leeck*, failed to consider the complaint in its entirely, including all allegations and documents incorporated into the complaint by reference. In so doing, the court evaluated the plaintiff's citations to bible verses and abortion-related allegations in isolation to determine whether she adequately pled that her objections to the COVID-19 vaccine were religious in nature. Analyzing the complaint in that way, the *Leeck* court violated the Supreme Court standard for determining Rule 12(b)(6) motions. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (on motion to dismiss "courts must consider the complaint in its entirety," and cannot consider "whether any individual allegation, scrutinized in isolation, meets [the Rule 12(b)(6)] standard."). Given these flaws, the Court should lend no weight to the ruling in *Leeck* in deciding the Children's Hospital of Philadelphia's Motion.

Alternatively, should the Court evaluate Plaintiff's alleged aborted fetal cell objection to the vaccine without considering his other admittedly secular and medical reasons, including those he concedes are "just as important if not more" than his abortion-related objection, Complaint, Exhibit F at 1, this Court should reject this isolated reason. In contrast to the plaintiff in *Leeck*, Plaintiff's complaint here does not provide a link between this objection and his claim of a sincerely held religious belief. Instead, Plaintiff's references to the use of fetal cells in the development of the life-saving vaccines are connected to allegations that the vaccine is a "mechanism for altering my God given body," making the vaccine "unclean," and therefore harmful. *See* Complaint, Exhibit F at 1. Considering similar bible citations and arguments to

support a finding that plaintiff's beliefs were not religious in nature, the court in *Ulrich v. Lancaster Gen. Health,* No. CV 22-4945, 2023 WL 2939585, at *1, 5 (E.D. Pa. Apr. 13, 2023), found that this consisted of an "isolated moral teaching," and to allow plaintiff to determine which "medical interventions comport with this commandment, is, as in [*Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458 (M.D. Pa. 2022)] fungible enough to cover anything she trains it on," and therefore insufficient to plead a sincerely held religious belief.

Consequently, in light of all Glover's objections that are uncontested as rooted in a political, scientific or medical belief, and not religion, Glover's objection to the use of fetal tissue, similarly not connected to religious beliefs, warrants dismissal of his complaint with prejudice.

**I.     ARGUMENT**

   A.   <u>The Court cannot consider in isolation whether Glover's brief abortion-related references satisfies the *prima facie* requirement that his objections to the COVID-19 vaccine are religious in nature.</u>

The standard for ruling on a motion to dismiss has been thoroughly considered by the Supreme Court and lower courts, and that standard is clear – determining whether the facts have "nudged" a plaintiff's claim "across the line from conceivable to plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679-80 (2009). To make this assessment on a Rule 12(b)(6) motion, in all cases "courts must consider the complaint in its entirety," and cannot consider "whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs, Inc.*, 551 U.S. at 322-23; *see also Berenguer v. Anoka County,* 889 F.3d 477, 482 (8th Cir. 2018) (affirming dismissal in a Driver's Privacy Protection Act case after reviewing the complaint as a whole); *Guluma v. DeJoy,* No. 20-3588, 2022 WL 1642261, at *4 (May 24, 2022) (granting motion to dismiss in Title VII case after reviewing "context" of plaintiff's "complaint as a whole"); *Teamsters Local 456 Pension Fund, et al. v. Universal Health Services, et al.,* 396 F.Supp.3d 413, 466 (E.D. Pa. 2019)

3

(Slomsky, J.); *Skidmore Energy, Inc. v. Mediholding S.A.,* No. 05-04742, 2006 WL 8439243, at *2 (C.D. Cal. Jan. 5, 2006) (following rejection of viewing complaint's allegations "in isolation," court found plaintiff's characterization of factual allegations underlying breach of contract claims could not "be squared with the allegations set forth in the FAC," and denied reconsideration of dismissal).

In ruling on the motion to dismiss, the court in *Leeck* was urged to consider that the plaintiff offered other reasons that were definitively not religious in nature. *Leeck*, 2023 WL 4147223, at *7. The court rejected that approach, instead wrongly viewing cited bible verses related to body purity and abortion-related objections in isolation and denied the motion to dismiss. *Leeck*, 2023 WL 4147223, at *6-7 (ruling that "[a]t least some of Leeck's reasons satisfy" the three prong test identified by the Third Circuit in *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981)).

In the present case, Plaintiff's objections are exclusively medical or political. *See* Def. Mem. at 15-18 (Plaintiff's stated reasons for refusing the COVID-19 vaccine have been found by other courts to be medical or political in nature, including his allegations of the toxicity of the vaccine, the violation of his constitutional rights, "sinister" conspiratorial actions preventing alternatives to the vaccine such as the disproved treatment Hydroxychloroquine, a horse de-wormer drug, that Plaintiff did not need the vaccine because the virus that had killed millions world-wide was simply not sufficiently harmful to mandate receiving vaccinations by healthcare workers in children's' hospitals, and that Plaintiff received the influenza vaccine and had no objection to any vaccine other than the COVID-19 vaccine). Further, even Plaintiff's remark about the use of fetal cells as a proof of concept for mRNA technology, and that the Johnson & Johnson vaccine uses fetal cells in its manufacturing, is not tied to a religious belief.

Ignoring the requirement to consider all of Glover's objections to complying with CHOP's COVID-19 vaccine mandate in evaluating whether the reasoning for his refusal to get the vaccine was rooted in religion, and focusing instead on each allegation in isolation, undermines the Supreme Court's directive "to draw on [the court's] judicial experience and common sense." *Iqbal*, 556 U.S. 662, 679-80. Put simply, Plaintiff's complaint overwhelming and centrally asserts clear medical and political objections to the COVID-19 vaccine and does not oppose the vaccine on religious grounds. This Court should grant Defendant's Motion to Dismiss.

      B.      <u>Glover's abortion-related objection to receiving the COVID-19 vaccine cannot be considered a "religious" belief requiring accommodation under Title VII or the PHRA.</u>

Even if the Court were to consider Plaintiff's abortion-related objection in isolation, Plaintiff's references here to verses in the Christian bible are disconnected from his objection to the COVID-19 vaccine, unlike the plaintiff in *Leeck* – in which the court found the complaint strongly linked Ms. Leeck's objection to the use of aborted fetal cells to her expressed religious beliefs, thereby demonstrating that her belief about vaccinations "is inseparable from and interdependent with her Christian and Methodist beliefs," 2023 WL 4147223, at *7. Therefore, Glover's abortion-related objection cannot be deemed religious in nature. Plaintiff's application for religious exemption from CHOP's COVID-19 vaccine mandate states:

> I sincerely believe that all human beings are made in the image of God, and this idea affirms the unique value of all human life. The sixth commandment says "You shall not murder" (Exodus 20:13), I believe that abortion is gravely wrong at every stage. Furthermore, I believe a physical body is given to each of us in our quest to fulfill our destiny and purpose here on earth. Specifically the New Testament teaches that: "Don't you know that you yourselves are Gods temple and that God's Spirit dwells in your mist?" (1 Corinthians 3:16) "If anyone destroys Gods temple, God will destroy that person; for Gods temple is sacred, and you together are that temple" (1 Corinthians 3:17).

> The Pfizer and Moderna COVID-19 vaccines in early development of mRNA vaccine technology used fetal cells for "proof of concept" (to demonstrate how a cell could take up mRNA and produce the SARS-COV-2 Spike protein) or to Characterize the SARS-Cov-2 spike protein. The non replicating viral vector vaccine produced by Johnson & Johnson required the use of fetal cell cultures, Specifically PER.CG, in order to produce and manufacture the vaccine.
>
> This mechanism for altering my God given body is the equivalent of a prohibited "unclean food" that causes harm to my conscience. Covid-19 vaccines to me are unclean. I believe in and follow God and the principles laid out in his Words and I have a deeply held belief that these vaccines violate them.

Complaint, Exhibit F at 1.

Plaintiff here relies on his medical concerns that he repeatedly expressed as the primary reasons for opposing the COVID-19 vaccine, that receiving the vaccine is a "mechanism for altering" his body through the receipt of something "unclean," which is to be avoided because his body is "God's temple" and therefore allows him to reject the vaccine. Considering similar bible citations and arguments to support a finding that plaintiff's beliefs were religious in nature, the court in *Ulrich* found that this consisted of an "isolated moral teaching," and, if this were deemed to be religious in nature, would allow plaintiffs to determine which "medical interventions comport with this commandment, and is insufficient to plead a sincerely held religious belief. *Ulrich v. Lancaster Gen. Health,* No. CV 22-4945, 2023 WL 2939585, at *1, 5 (E.D. Pa. Apr. 13, 2023); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022) (rejecting religious-discrimination claims concerning COVID-19 requirements because holding otherwise would "count everything [the plaintiff] believes about healthy living as religious practice"); *Fallon v. Mercy Catholic Med. Ctr. of Southeastern PA*, 877 F.3d 487, 490 (3d Cir. 2017) (granting motion to dismiss where plaintiff objected to receiving the flu vaccine based on his belief that "one should not harm their own body.").

**CONCLUSION**

For the foregoing reasons, and the reasons stated in Defendant's opening and reply memoranda, Plaintiff's Complaint in this action, and his application for religious exemption to CHOP attached to the Complaint, are sufficient to show that Glover's objections to receiving the COVID vaccine are not based on religious beliefs and therefore are not entitled to accommodation. No additional discovery would assist the Court in ruling on this required element of his claim. As a result, the Court should grant this Motion and dismiss Plaintiff's Complaint with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: August 3, 2023                             Respectfully submitted,

/s/ Scott M. Lempert
NEIL J. HAMBURG (Pa. Bar No. 32175)
SCOTT M. LEMPERT (Pa. Bar No. 76765)
HAMBURG LAW GROUP, PLLC
1 Franklin Town Blvd., Suite 1106
Philadelphia, PA  19103
(215) 948-2434
(484) 534-8587 (fax)

Attorneys for Defendant
The Children's Hospital of Philadelphia

## CERTIFICATE OF SERVICE

I, Scott M. Lempert, hereby certify that on this 3rd day of August, 2023, a true and correct copy of the foregoing, Defendant The Children's Hospital of Philadelphia's Memorandum in Support of its Motion to Dismiss has been filed electronically and is now available for viewing and downloading from the Court's ECF system.

> David S. Dessen, Esquire
> 600 Easton Road
> Willow Grove, PA 19090
>
> ddessen@dms-lawyer.com
>
> Attorney for Plaintiff

> /s/ Scott M. Lempert
> SCOTT M. LEMPERT

Dated: August 3, 2023